ANGIE S. LEE [SBN 254018]
S. SHAWN KAHROBA [SBN 270424]
**SHERIDAN & RUND, PC**
840 Apollo Street, Suite 351
El Segundo, CA 90245
Telephone: (310) 640-1200
Facsimile: (310) 640-0200
angie@srlawyers.com
shawn@srlawyers.com

Counsel for Jason M. Rund,
Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGELES DIVISION

| | |
|---|---|
| In Re: | Case No.: 2:15-bk-10418-SK |
| JACK R. MARSH, | Chapter 7 |
| | Adv. Case No.: |
| Debtor. | |
| | **TRUSTEE'S COMPLAINT FOR:** |
| JASON M. RUND, Chapter 7 Trustee, | **(1) AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS; AND** |
| Plaintiff, | |
| vs. | **(2) TURNOVER OF PROPERTY OF THE ESTATE** |
| MATTHEW MARSH, | |
| Defendant. | |

*///*

*///*

*///*

*///*

*///*

*///*

1

Jason M. Rund, Chapter 7 Trustee (the "Trustee") in the above-captioned bankruptcy case and Plaintiff in this adversary proceeding, respectfully represents and alleges as follows:

## I.

## JURISDICTION AND VENUE

1. This adversary proceeding arises in and relates to the Chapter 7 bankruptcy case In re Jack Marsh, which is now pending before the United States Bankruptcy Court for the Central District of California, bearing Case No. 2:15-bk-10418-SK.

2. On January 12, 2015, Jack Marsh (the "Debtor") filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "Petition Date").

3. The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157 and 1334.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

5. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (H) and (O).

## II.

## THE PARTIES

6. Jason M. Rund is the duly appointed and acting Chapter 7 Trustee of the Debtor's bankruptcy estate and continues to serve in that capacity for the benefit of creditors. Jason M. Rund brings this suit solely in his capacity as Chapter 7 Trustee.

7. The Trustee alleges on information and belief that Matthew Marsh ("Defendant") is an individual over the age of eighteen years who resides within this district.

## III.

## GENERAL ALLEGATIONS

8. The Trustee alleges on information and belief that within the one-year period preceding the Petition Date, the Debtor transferred approximately $125,000.00 or more to Defendant (the "Subject Transfer").

9. The Debtor has informed the Trustee that the Subject Transfer was repayment of a $130,000.00 loan made by Defendant to the Debtor on June 23, 1995 pursuant to a written loan agreement attached hereto as **Exhibit A**.

10. The Debtor has informed the Trustee that Defendant is the Debtor's son.

## IV.

## FIRST CLAIM FOR RELIEF

**For the Avoidance and Recovery of the Subject Transfer as a Preferential Transfer**

**[11 U.S.C. §§ 547(b) and 550]**

11. The Trustee incorporates herein by this reference the allegations in Paragraphs 1-10.

12. The Trustee alleges on information and belief that the Subject Transfer was made to and for the benefit of Defendant within the one-year period immediately preceding the Petition Date and that said transfer was of the Debtor's property.

13. The Trustee alleges on information and belief that Defendant is the Debtor's son and is therefore an insider of the Debtor.

14. The Trustee alleges on information and belief that the Subject Transfer was made to Defendant, who was a creditor of the Debtor at the time of the transfer.

15. The Trustee alleges on information and belief that the Subject Transfer was made for or on account of an antecedent debt owed by the Debtor to Defendant before such transfer was made.

16. The Trustee alleges on information and belief that the Subject Transfer was made while the Debtor was insolvent.

17. The Trustee alleges on information and belief that the Subject Transfer enabled Defendant to receive more than he would have received if:

    a. The case was a case under Chapter 7 of this title;

    b. The Subject Transfer had not been made; and

    c. Defendant received payment of the debt to the extent provided under Title 11 of the United States Code.

18. Accordingly, the Subject Transfer may be avoided pursuant to 11 U.S.C. § 547(b).

///

3

**V.**

**SECOND CLAIM FOR RELIEF**

**For Turnover of Property of the Estate**

**[11 U.S.C. § 542(a)]**

19. The Trustee incorporates herein by this reference the allegations in paragraphs 1-18.

20. The Trustee alleges on information and belief that the funds transferred in connection with the Subject Transfer ("Transferred Funds"), or the value thereof, consist of property of the bankruptcy estate by virtue of 11 U.S.C. § 541(a) and other applicable law.

21. The Trustee alleges on information and belief that Defendant is in possession of and/or has control over the Transferred Funds, or the value thereof.  The Transferred Funds, or the value thereof, is an asset that the Trustee may use, sell or lease within the meaning of 11 U.S.C. § 542.

22. By virtue of the foregoing, the Trustee is entitled to an order for turnover to the Trustee of the Transferred Funds, or the value thereof.

**WHEREFORE,** the Trustee prays for judgment as follows:

**1.    On the First Claim for Relief:**

a. That Subject Transfer be avoided, preserved and recovered for the benefit of the Debtor's estate pursuant to 11 U.S.C. §§ 547, 550 and 551; and

b. For pre-judgment interest on any amount recovered at the lawful rate in an amount to be established according to proof at trial.

**2.    On the Second Claim for Relief:**

a. For turnover of the Transferred Funds, or the value thereof, in an amount to be established according to proof at trial.

///

///

///

///

///

///

4

3. **On All Claims for Relief:**

    a.    For such other and further relief as this Court deems necessary and appropriate to carry out the provisions of the Bankruptcy Code or to further the interests of justice.

Dated: March 17, 2015                    SHERIDAN & RUND, PC

By:    */s/ Angie S. Lee*
      ANGIE S. LEE
      Counsel for Jason M. Rund, Chapter 7 Trustee

FORM B104 (08/07)                                                                                          2007 USBC, Central District of California

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Page 2) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS | DEFENDANTS |
|---|---|
| Jason M. Rund | Matthew Marsh |

| **ATTORNEYS** (Firm Name, Address, and Telephone No.) | **ATTORNEYS** (If Known) |
|---|---|
| Sheridan & Rund PC<br>840 Apollo Street, Suite 351, El Segundo, CA 90245<br>(310) 640-1200 | |

| **PARTY** (Check One Box Only) | **PARTY** (Check One Box Only) |
|---|---|
| ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☒ Trustee | ☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

(1) Avoidance and Recovery of Preferential Transfers pursuant to 11 U.S.C. §§547 and 550; and (2) Turnover of Property of the Estate pursuant to 11 U.S.C. §542(a)

### NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
- [X] 11-Recovery of money/property - §542 turnover of property
- [X] 12-Recovery of money/property - §547 preference
- ☐ 13-Recovery of money/property - §548 fraudulent transfer
- ☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
- ☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
- ☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
- ☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
- ☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
- ☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
- ☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
- ☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
- ☐ 61-Dischargeability - §523(a)(5), domestic support
- ☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
- ☐ 63-Dischargeability - §523(a)(8), student loan
- ☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
- ☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
- ☐ 71-Injunctive relief – imposition of stay
- ☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
- ☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
- ☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
- ☐ 01-Determination of removed claim or cause

**Other**
- ☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq*.
- ☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ 125000     or more according to proof |

Other Relief Sought

| **BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES** |||
|---|---|---|
| **NAME OF DEBTOR** <br> Jack R. Marsh || **BANKRUPTCY CASE NO.** <br> 2:15-bk-10418SK |
| **DISTRICT IN WHICH CASE IS PENDING** <br> Central | **DIVISIONAL OFFICE** <br> Los Angeles | **NAME OF JUDGE** <br> Sandra R. Klein |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** |||
| **PLAINTIFF** | **DEFENDANT** | **ADVERSARY PROCEEDING NO.** |
| **DISTRICT IN WHICH ADVERSARY IS PENDING** | **DIVISIONAL OFFICE** | **NAME OF JUDGE** |
| **SIGNATURE OF ATTORNEY (OR PLAINTIFF)** <br><br> /s/ Angie S. Lee |||
| **DATE** <br> 3/17/15 | **PRINT NAME OF ATTORNEY (OR PLAINTIFF)** <br> Angie S. Lee ||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendents.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not presented by an attorney, the plaintiff must sign.

EXHIBIT A

PERSONAL LOAN AGREEMENT FORM

BORROWER: Jack R Marsh

LENDER: Matthew R Marsh

DATE LOAN IS MADE: June 23, 1995

PLACE WHERE LOAN IS MADE: Rancho Palos Verdes California

AMOUNT OF LOAN   $ 130,000.00

FINAL DATE FOR LOAN REPAYMENT: Contingent upon the Sale of Borrowers Business A-1 Body Works or the Sale of Borrowers real property 1330 Anaheim street, Wilmington, California or the Borrowers real property 2002 Caddington Dr. Rancho Palos Verdes, California.

LOAN REPAYMENT SCHEDULE: Borrower can repay all or some of the principle at any time.

AGREEMENT: BORROWER AND LENDER BOTH AGREE TO THE
TERMS AS DESCRIBED ABOVE.

SIGNATURE OF BORROWER _____

SIGNATURE OF LENDER _____

THIS AGREEMENT IS NOW IN FORCE!

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

SHERIDAN & RUND
840 Apollo Street, Suite 351
El Segundo, CA  90245

A true and correct copy of the foregoing document entitled Trustee's Complaint For: (1) Avoidance and Recovery of Preferential Transfers; and (2) Turnover of Property of the Estate will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On March 17, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

United States Trustee (LA), ustpregion16.la.ecf@usdoj.gov
Chapter 7 Trustee: Jason M. Rund, trustee@srlawyers.com, jrund@ecf.epiqsystems.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On March 17, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Debtor
Jack R. Marsh
2010 Caddington Drive
Rancho Palos Verdes, CA  90275

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on March 17, 2015, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Via American Legal Support Services:

Judge's Copy:  Honorable Sandra R. Klein, United States Bankruptcy Judge, United States Bankruptcy Court, Bin outside Suite 1582, 255 Temple Street, Los Angeles, CA 90012

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| March 17, 2015 | Laura Gitnick | /s/ Laura Gitnick |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                                                                              **F 9013-3.1.PROOF.SERVICE**